May Term,
1861.

VAWTER
v.
BROWN.

Friday,
June 7.

---

VAWTER *v.* BROWN.

Suit by *A.* upon two promissory notes. Answer: that the notes were given for a part of the purchase money of certain real estate; that *A.* had not conveyed and had no title. Reply: that the land was held by *A.* by title bond from *B.*, together with other lands, upon which a part of the purchase money had been paid; that *A.* had assigned the bond to one *C.*, reserving the land sold to defendant, and that *C.* had assumed to pay the balance of the purchase money; that *C.* assigned the bond to *D.* upon the same terms; that a deed was made by *B.* to *D.* for all the land, who conveyed to defendant the tract bought by him, and took up his title bond from *A.*; that defendant had notice of these several transfers, and still occupied the land under his purchase. It appeared in evidence, that a judgment had been taken by *B.* against *D.* for the purchase money unpaid, and that in consideration that *D.* would convey to him his forty acre tract, the defendant had paid on that judgment $200.

*Held,* That without some averment that the persons responsible to *B.* for the purchase money were unable to pay the same, there was no obligation resting on the defendant to make such payment; but that he might have insisted upon the other portions of said land being exhausted, before *B.* could have disturbed him.

APPEAL from the *Ripley* Common Pleas.

HANNA, J.—Appellant, as assignee of one *D. M. Kelly,* sued *Brown,* the maker, on two promissory notes. Answer: that the notes were executed for the balance of the purchase

money due the payee of said notes for a described forty acre tract of land, upon which $200 had been paid, and for which the said *Kelly* was to make a warranty deed ; that he had not made said deed, nor had he any title to said land, &c.   Reply : that *Kelly*, at the time, &c., held the land, as defendant well knew, together with other tracts upon which $500 had been paid, and $600 was unpaid, by a title bond from one *Bruden ;* that after the execution of said notes he transferred said bond and the said other tracts, so far as the same were so held, to one *John Kelly*, who was to pay said $600, and who in like manner, for a like consideration, transferred the same to one *Cravens*, to whom said *Bruden* made a deed for all of said tracts; that *Cravens* had conveyed said forty acres to said *Brown*, and taken up the title bond by him held, &c.; and that *Brown* had notice of, and agreed to, said several transfers, and held and occupied said land.

The bond from *Bruden* to *Kelly* was given in evidence by the defendant, with the assignments thereon.   It was in the usual form.   The assignment to *John Kelly* was in consideration that he should pay the balance of the purchase money due *Bruden*, and contained a reservation of the said forty acres to *Brown*.   The assignment to *Cravens* was in consideration that he should pay said *Bruden ;* but did not contain any reservation of said forty acres to *Brown*.

*Cravens*, as a witness, stated that he drew the assignment from *Kelly* to *Kelly ;* that after he received a deed from *Bruden*, a judgment was obtained against him for the balance of the purchase money due said *Bruden ;* that *Brown* stayed said judgment, and in consideration that he would convey him said forty acre tract, agreed with him that he would pay, and did pay on the same, $225, and the title bond executed by *Kelly* was delivered to witness.   *John Kelly* testified that *Cravens* was to pay the purchase money due to *Bruden* for the tracts of land mentioned in the bond, other than the said forty acres; that he had nothing to do with that.

Upon these facts the Court instructed the jury, in substance, that if a deed was not made in conformity with the bond, *Brown*, after waiting a reasonable time, had the right to treat the contract as at an end; and a contract to pay any

May Term,
1861.

THE INDIAN-
APOLIS, &c.
RAILROAD CO.
v.
BOREMAN.

other sum to any other person for said land, would be binding, &c. And refused to instruct, on request of plaintiff, in substance, that if defendant did no act signifying his intention to abandon the contract, but held the bond of *Kelly*, his first payment having been applied as a payment on said lands, and continued to occupy the same, that he could not be regarded as having abandoned said contract. The jury found for the defendant.

We are of opinion that the ruling of the Court upon the question of instructions was erroneous. Whether *Bruden* could have refused to transfer the land, upon the failure of *Cravens* to make payment, we need not inquire. He had transferred it; and without some averments showing that the persons responsible for the purchase money to said *Bruden* were unable to pay the same, we can not perceive any obligation resting upon *Brown* to make such payment. Indeed, he might have insisted upon the other portions of said land being exhausted, before the vendor could have disturbed him for said purchase money.

The instructions were wrong.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. W. Robinson*, for the appellant.

*W. S. Holman*, for the appellee.